

Law Offices
# Apruzzese, McDermott, Mastro & Murphy

25 Independence Boulevard, Warren, N.J. 07059     www.ammm.com

**Apruzzese, McDermott,
Mastro & Murphy, P.C.**
(Established 1965)

**Mark J. Blunda, Esq.**
blunda@ammm.com

**Neha Patel, Esq.**
npatel@amm.com

November 15, 2023

Honorable Julien Xavier Neals
United States District Court Judge
United States District Court
District of New Jersey
MLK, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07012

Re:   Baucum v. Rutgers University, RWJBarnabas Health and Jersey City Medical Center
      Case 2:23-cv-20707-JXN-JSA
      Request for Pre-Motion Conference

Dear Judge Neals:

   This firm represents Defendants RWJBarnabas Health, Inc. (RWJBH) and Jersey City Medical Center (JCMC) in the above matter.  For the following reasons, we request the scheduling of a Pre-Motion conference to discuss our wish to file a motion to dismiss the Complaint. The motion would be based upon: (1) Plaintiff's failure to exhaust available contractual grievance procedures; and (2) the fact that Defendants RWJBH and JCMC are private corporations, not State actors.

### Factual Proffer of Counsel

     Certifications and exhibits will establish the following facts: Plaintiff was a medical resident in training in the JCMC Department of OB/GYN.  He signed a Resident Agreement with Jersey City Medical Center effective July 1, 2021, to begin in the 3rd year (PGY3) of a 4-year program. Plaintiff had been dismissed from the Texas A&M OBGYN residency program in 2020, for sexual misconduct toward two (2) female co-residents. Contrary to the allegation in Plaintiff's filed Complaint in this action, he did not "transfer" to Rutgers. His Physician-In -Training Permit was terminated by the Texas Medical Board in July 2020.  Jersey City Medica Center decided to give Plaintiff a "second chance" and made his contract expressly subject to: (1) the Texas Medical Board's dismissal of the investigation/case against him; and (2) participation in the RWJBarnabas Health Employee Assistance Program.

     The executed Resident Agreement is between Plaintiff and Jersey City Medical Center. It expressly incorporates the Collective Bargaining Agreement (CBA) between JCMC and the Committee of Interns and Residents/SEIU (CIR) and mandates compliance with the "grievance

MJB Confidential Draft 11.13.23

procedure" and "sexual harassment" policies (2.5). The Agreement further incorporates the "appeal of termination procedures" in the event of notice of termination (4.4). The CBA sets forth a detailed Grievance and Appeal process in the event of Disciplinary Actions. Disciplinary Actions, including terminations, may be challenged either through Binding Arbitration or an Internal Hearing Committee in lieu of arbitration (Art. IX). The CBA requires "just cause" for the termination of a JCMC resident.

Jersey City Medical Center terminated Plaintiff's employment and removed him from its residency program in June 2023, for "just cause" related to his breach of the governing contracts and policies related to professional behavior and sexual harassment. The CIR and Plaintiff filed a Grievance pursuant to the CBA, and requested discovery. They also notified the Medical Center that they had elected to utilize the Internal Hearing Committee, in lieu of binding arbitration, as the appeal mechanism. Pursuant to that procedure, the union and JCMC notified each other of the identity of the physicians whom they designated as the hearing committee members. In summer 2023, JCMC produced nearly 600 pages of discovery requested by the union, and the CIR produced its discovery to JCMC. Before any hearings were scheduled, this action was filed by Plaintiff. The filed Federal Court Complaint makes no mention of the Collective Bargaining Agreement, the filed grievance, or the pending hearing before an Internal Hearing Committee.

**Plaintiff's Federal Court Claim**

Plaintiff's Federal Court Complaint alleges: Denial of Due Process in violation of 42 U.S.C. 1983 (Count I); Violation of Equal Protection in violation of 42 U.S.C. 1983 (Count II); Denial of Due Process under New Jersey law (Count III); and Denial of Equal Protection under New Jersey law (Count IV).

**Controlling Law**

Federal labor law and New Jersey case law require that the grievance and arbitration procedures of a collective bargaining agreement "be exhausted before an employee grievance concerning the terms of the CBA may be heard in federal court." Snyder v. Dietz & Watson, Inc., 837 F.Supp.2d 428, 441 (D.N.J. 2011). Thompson v. Joseph Cory Warehouses, Inc., 215 N.J. Super. 217, 220 (App. Div. 1987) (quoting Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965)). See also DelCostello v. Teamsters, 462 U.S. 151, 163 (1983); Anjelino v. N.Y. Times Co., 200 F.3d 73, 99 (3d Cir. 1999); McQuitty v. Gen. Dynamics Corp., 204 N.J. Super. 514, 521 (App. Div. 1985). Failure to exhaust the available grievance and arbitration procedures will bar a plaintiff's claims. Thompson, 215 N.J. Super. at 221; McQuitty, 204 N.J. Super. at 521. See also Snyder, 837 F.Supp.2d at 441.

Here, the parties' collective bargaining agreement contains a grievance procedure to challenge the termination of a medical resident. It culminates at either binding arbitration, or an internal hearing panel of physicians. Plaintiff and his union chose the latter, but they have not completed the process. Thus, Plaintiff's instant court action is barred by his failure to exhaust the grievance and appeal procedures set forth in the parties' collective bargaining agreement.

Additionally, Defendants Jersey City Medical Center and RWJBarnabas Health are not state actors. They are not-for-profit New Jersey corporations. Therefore, Plaintiff's Due Process and Equal Protection claims under Title 42 do not apply to them and must be dismissed. The Fourteenth Amendment applies to acts of a state, not those of private individuals or entities. Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982); Citizens for Health v. Leavitt, 428 F.3d 167, 178 (3d Cir. 2005).

For these reasons, Defendants RWJBarnabas Health and Jersey City Medical Center respectfully request that the Court schedule a Pre-Motion Conference pursuant to Section IV (A) of its Rules and Procedures.

Respectfully submitted,

**_Mark J. Blunda, Esq._**
Mark J. Blunda, Esq.

MJB:abm
c. Brent R. Pohlman, Esq.
   Kevin Musiakiewicz, Esq.
   Joshua Sherman, Esq.