

Kevin Musiakiewicz, Partner
862.902.5460    kevin@ck-litigation.com

November 16, 2023

<u>Via CM/ECF</u>

The Honorable Julien X. Neals, U.S.D.J.
U.S. District Court, District of New Jersey
MLK Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    **Request for a Pre-Motion Conference**
                ***James Baucum, D.O. v. Rutgers, The State University of New Jersey, et al.***
                **Civil Action No. 2:23-cv-20707-JXN-JSA**

Dear Judge Neals:

      We represent Defendant Rutgers, The State University of New Jersey ("Rutgers"). Rutgers intends to move to dismiss all of Plaintiff's claims against it under Rule 12(b)(6) and we write to respectfully request a pre-motion conference in accordance with Section IV(A) of Your Honor's Rules and Procedures. Rutgers joins in the letter submitted to the Court by Defendants RWJ Barnabas Health, Inc. ("RWJBH") and Jersey City Medical Center ("JCMC") to the extent that their arguments apply to Rutgers, as specified below.

      **I.**    **Background**

      This case involves various civil rights claims brought against Defendants by Plaintiff James Baucum, D.O., a doctor who has been dismissed from two different OBGYN residency programs for alleged inappropriate personal conduct. Plaintiff began his residency at an OBGYN program in Texas in 2018. Pl. Cert [D.E. 1-2] ¶ 7. According to a "Remedial Plan" licensing document that is publicly available on the Texas Medical Board website, Plaintiff was terminated from a residency program in Texas in July 2020, "for violating the program's code of conduct when he sent unwelcome advances to co-workers."[1]

      Plaintiff certified to the Court that he "transferred" in July 2021 to the OBGYN Residency Program at Rutgers RWJ Barnabas – JCMC (the "JCMC Program") to complete the final two years of his residency. Pl. Cert [D.E. 1-2] ¶¶ 7-9. The written criteria for advancement/promotion in the JCMC Program, signed by Plaintiff and attached to his

---

[1] Counsel can provide this "Remedial Plan" to the Court upon request. Plaintiff has already put the Texas Medical Board matter before the Court because he included in Exhibit A to his certification a document entitled, "Jersey City Medical Center, Department of Obstetrics and Gynecology, Criteria For Advancement/Promotion of Residents" [D.E. 1-2, Ex. A], which referenced an "open investigation/case against" him before the Texas Medical Board.

ck-litigation.com    862.397.1796    One Newark Center    85 Broad Street
                           862.902.5458    1085 Raymond Blvd., 14th Floor    Suite 17031
                                                  Newark, NJ 07102    New York, NY 10004
                                                               *Preferred Mailing Address*

certification [D.E. 1-2, Exs. A and B], state that among the core competencies necessary for graduation are "interpersonal ... skills" and "professionalism." According to Plaintiff, he satisfied the academic requirements to graduate from the JCMC Program. Compl. ¶¶ 60. But Defendants allegedly terminated his employment with JCMC, dismissed him from the residency program, and did not permit him to graduate after he was accused by a female hospital staff member of "touching her buttocks" and was later accused by other individuals of additional instances of "inappropriate conduct." *Id*. ¶¶ 45-47, 58.

Notwithstanding Plaintiff's alleged inappropriate conduct, the requirement that he demonstrate interpersonal skills and professionalism to graduate, and the nature of practicing as an OBGYN with female patients as he seeks to do, Plaintiff contends that he should have received credit for his fourth and final year as a resident and graduated from the JCMC Program. His complaint asserts claims against Defendants based on alleged violations of Plaintiff's substantive and procedural due process (Count I) and equal protection rights (Count II) under the Civil Rights Act, 42 U.S.C. § 1983, and his substantive due process (Count III) and equal protection rights (Count IV) under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2(c).

Concurrent with his complaint, Plaintiff filed a motion for an order to show cause. The Court refused to entertain that application on emergent basis, emphasizing in a Text Order [D.E. 3] that "Plaintiff has not demonstrated, … that issuance of emergent relief, without notice to Defendants, is warranted or that the Court should consider the Motion on an expedited basis by order to show cause, as requested by Plaintiff." Based on the Court's Order and Defendants' plans to move to dismiss the complaint, Rutgers assumes that no response to the motion for an order to show cause is needed at this time and suggests that the handling of the motion should be addressed at the conference.

## II.     Rutgers's Anticipated Motion to Dismiss[2]

### A) Plaintiff Failed to Allege a Substantive Due Process Violation

Plaintiff's substantive due process claims should be dismissed because Plaintiff has no constitutionally protected interest in graduating from an OBGYN residency program and Defendants' alleged decision to terminate him was not conscience shocking. To state a substantive due process claim, a plaintiff must allege "that the particular interest at issue is protected by the substantive due process clause and that the government's deprivation of the protected interest shocks the conscience." *E.S. by and through Sanchez v. Elizabeth Board of Education*, No. 20-1027, 2022 WL 1104991, at *3 (D.N.J. Apr. 12, 2022) (citing *Chainey v. St.*, 523 F.3d 200, 219 (3d Cir. 2008)). Plaintiff has not adequately alleged either element.

Rutgers is not aware of any case holding that there is a constitutionally protected interest in graduating from a medical residency program. *See Manning v. Temple Univ.*, No. 05-1215, 157 Fed. Appx. 509, 514 (3d Cir. Dec. 5, 2005) (the Third Circuit "has strongly suggested that the right to continued graduate education is not protected by substantive due process"). And the

---

[2] Claims under the New Jersey Civil Rights Act are considered in a manner consistent with Section 1983 jurisprudence. *Estate of Yearby v. Middlesex Cnty.*, No. A-1974-20, 2022 WL 1714534, at *14 (N.J. App. Div. May 27, 2022).

sound decision to dismiss Plaintiff from the JCMC Program cannot possibly be characterized as conscience shocking based on his alleged inappropriate conduct and the requirements that he demonstrate interpersonal skills and professionalism to graduate. *See Thornbury Noble, Ltd. v. Thornbury Township*, 112 Fed. Appx. 185, 188, 2004 WL 2341811, at *2 (3d Cir. Oct. 18, 2004) (conscience shocking actions "violate the decencies of civilized conduct, and would be so brutal and offensive that they did not comport with traditional ideas of fair play and decency").

### B) Plaintiff Failed to Allege a Procedural Due Process Violation

Rutgers joins in the arguments made by RWJBH and JCMC concerning Plaintiff's failure to avail himself of the processes available to him. In addition, Plaintiff's allegations supporting this claim (Compl. ¶¶ 40-67) impermissibly lump Rutgers, RWJBH, and JCMC together, and constitute "group pleading" in violation of Rule 8(a). *Yu-Chin Chang v. Upright Fin. Corp.*, No. 19-18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020) ("a complaint may not indiscriminately attribute wrongdoing to a group of defendants, leaving the defendants to guess as to who allegedly did what"). Therefore, if it is not dismissed with prejudice, as it should be, Plaintiff should be required to amend his complaint to provide far greater specificity regarding the specific alleged role of each particular defendant in the process about which Plaintiff now complains.

### C) Plaintiff Failed to Allege an Equal Protection Violation

Plaintiff's allegations similarly fail to state a class-of-one equal protection claim. To state such a claim, a plaintiff must adequately allege "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Persons "similarly situated" to Plaintiff, in this case, would be people accused of similar inappropriate conduct. *See Higgins v. Moss*, No. 10-3023, 2010 WL 3022277, at *3 (D.N.J. July 22, 2010) ("similarly situated" individuals were persons suspected and accused of similar wrongdoing and treated differently). Plaintiff has not adequately alleged that Defendants disciplined him differently from others who were accused of inappropriate conduct, that Defendants did so intentionally, or that Defendants had no rational basis for preventing him from graduating following the accusations against him and the requirements that he demonstrate interpersonal skills and professionalism to graduate from the JCMC Program.

### III.  Conclusion

For the foregoing reasons, Rutgers respectfully seeks a conference to set a briefing schedule for Defendants' motions to dismiss. In addition, Rutgers respectfully requests that any Rule 16 conference be adjourned indefinitely pending the Court's decision on the motions.

Respectfully submitted,

*/s/ Kevin J. Musiakiewicz*
Kevin J. Musiakiewicz

cc:   All Counsel of Record (via CM/ECF)