

**Brent R. Pohlman, Esq.**
**Mandelbaum Barrett PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
bpohlman@mblawfirm.com
T: 973-243-7997
F: 973-325-7467

January 2, 2025

<u>**Via ECF**</u>
Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
District of New Jersey
MK Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   **Re: James R. Baucum, D.O. v. Rutgers University, The State University of New Jersey, et al.; Civil Action No.: 2:23-cv-20707-JXN-JSA**
     **Response to Defendants Second Request for Pre-Motion Conference**

Dear Judge Neals:

  This office represents Plaintiff James R. Baucum, D.O., ("Plaintiff" or "Baucum") in the above-referenced matter. Please accept this correspondence in response to the Defendants' letter requesting a pre-motion conference in accordance with Section IV (A) of Your Honor's rules and procedures. First, I sincerely apologize to both the Court and my adversaries for the extreme delay in responding. For an unknown reason the Defendants' submissions were not filed and calendared in our office. I recognize that has resulted in a delay to the court and litigants and same was not intention and I am embarrassed. This delay was not intention or intended to gain any type of litigation benefit, as it is in my client's best interest to have this matter adjudicated.

  For the reasons set forth below, the Plaintiff contends that leave to file a motion to dismiss should not be granted at this time as there is no merit for same and it would serve solely to delay this process and further prejudice Plaintiff.

  Contrary to the defendants' position, the law is well established that a doctor has a constitutionally protected interest in continuing and completing his medical education and that substantive to due process, requires that medical education not be terminated or denied for arbitrary or capricious reasons. *Stroller v. College of Medicine*, 562 F.Supp. 403, 412 (M.D. P.a. 1983), *aff'd*, 727 F.2d 1101 (3rd Cir. 1984) (*Board of Curators of University of Missouri v. Horowitz*, 435 U.S. 78, 92 (1978)). In order to demonstrate that the educational institution's actions were arbitrary and capricious, a Plaintiff must show that there is no rational basis for the institution's decision or that the decision to dismiss was motivated by bad faith or ill-will unrelated to academic performance. *Greenhill v. Bailey,* 519 F.2d 5, 10 (8th Cir.1975); *Jaspar v. Burton* 513 F.2d 843, 845 (10th Circuit 1975).

  Furthermore, the argument that Robert Wood Johnson and Jersey City Medical Center are not public entities and thus are not proper defendants under 1983 claim is not for determination at

Honorable Julien Xavier Neals, U.S.D.J.
United States District Court-District of New Jersey
January 2, 2025
Page 2

this time. Since Baucum was denied any due process and has not received any documentation indicating which individual or entity was responsible for or involved in the decision-making process that resulted in the denial of PGY4 credit, all three defendants are appropriately plead at this time. The First Amended Complaint contains newly plead factual paragraphs which establish the residency program that Plaintiff enrolled in was a joint Rutgers, RWJ and JCMC program. It was not as Defendants claims simply that Rutgers provided accreditation, but rather, the students had to meet Rutgers criteria for graduation and received a diploma from Rutgers.

Furthermore, all three defendants have held themselves out to Baucum as being affiliated entities for purposes of this public university resident program. As a public institution Rutgers partnered with and delegated some of its educational responsibility to these non-public entities and the non-pubic entities to action that violated Baucum's civil rights. Such a claim against said entity would be viable and appropriate. The parties are certainly entitled to discovery to determine the scope of the relationship between Rutgers, a public university and the programs and entities with which that public university affiliated for purposes of providing its educational services.

The Defendants' argument that there is no substantive due process claim is without merit and contrary to the controlling law. Defendants' refusal to award Baucum academic credit and allow him to graduate from the academic program is arbitrary and capricious because the Defendants failed to articulate any rational basis for the denial based on Plaintiff's academic performance. Moreover, the Defendants failed at every stage to identify what academic criteria Baucum failed to satisfy. Indeed, the only reason for Baucum's termination from the residency program and refusal of the PGY4 credit was disciplinary. The alleged conduct bore no relationship to Baucum's academic performance, nor did Defendants ever suggest that Baucum's academic performance was deficient or substandard. The alleged conduct also did not implicate any of the core competencies, which have been satisfied and completed by the time of the alleged disciplinary violations and, further Baucum was never informed that he had not satisfied any academic standards or that he was at all deficient or in danger of not receiving academic, or graduating, until the disciplinary actions were taken against him. Therefore, Baucum has a significantly more than negligible chance of succeeding on the merits of his substant due process claim under 42 U.S.C §1983 because he was denied academic credit and the ability to graduate from his academic program when the alleged at issue for which he was being disciplined for bore no relation whatsoever to academics, rather was related to his employment.

Similarly, with respect to Baucum's procedural due process claim, the Supreme Court has made it clear that when it comes to disciplinary actions of public educational institutions, due process requires "that the student be given oral or written notice of the charges against him and if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Gross v. Lopez,* 419 U.S. 565, 581 (1975). Such a hearing is required in circumstances involving disciplinary because when taking such action, the school bears "a sufficient resemblance to a traditional judicial administrative fact finding." *Horowitz*, 435 U.S. at *88-89. This of course stands in contrast to when a school takes adverse action for academic reasons. *Id.* at 90. ("the determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information is not readily adapted to the procedural tools of judicial or the administrative decision making.").

Honorable Julien Xavier Neals, U.S.D.J.
United States District Court-District of New Jersey
January 2, 2025
Page 3

    Here there is no dispute that Baucum has been denied academic credit and the ability to graduate from the Rutgers Residency Program for disciplinary reasons. There is no evidence provided to Baucum that he was ever academically unperforming. He was appointed the administrative chief resident during the PGY4 program-a position of distinction. He was also provided positive feedback during his first two administrative evaluations in the PGY4 program and, leading up this second evaluation on June 8, 2023, Baucum was never informed that he was performing unsatisfactory in any manner thus his academic performance was never in question during his time in the PGY4 program, and, in fact, he had completed his academic requirements for the program. The mere timing of defendants' actions make it readily apparent that all were taken entirely disciplinary reasons. This is coupled with the fact that defendants never once suggested Baucum was somehow deficient academically during his PGY4 and, if fact, never conducted his second and final academic review for PGY4. That being the case, Baucum was entitled to a degree of due process more similar to the judicial process. This includes, at least, effective and meaningful notice of the allegations against him, the ability to effectively and meaningfully respond. *See Dave v. Nuclear Regulatory Commission*, 246 F. App'x 889, 891 (Fed. Cir. 2008). The Defendants argument that Plaintiff is precluded from asserting his constitutional claims until he exhausted the grievance procedure under the Collective Bargaining Agreement is also not compelling or accurate. It has been long held by our Federal Courts that a union member does not have to exhaust administrative remedies prior pursuing a constitutional claim. The CBA does not govern or provide a remedy for breach of constitutional rights. Furthermore, Plaintiff would be entitled to an exemption from any exhaustion requirements based on the Defendants' conduct. The Defendants' refusal to provide any due process and made the use of the grievance process futile as Plaintiff did not have the facts or information needed to assert a defense.

    Baucum had a two-prong relationship with the defendants. One, as a student and one as an employee. The Defendants' focus on his employment status is a red herring and an attempt to muddy the waters regarding Baucum's entitlement to academic credit. Baucum's employment contract was to expire on June 30, 2023, because he was completing his PGY4, there was no expectation of renewal or any continued employment. This is not an employment issue. This is a denial of academic issue.

    For these reasons, the defendants request for leave to file a motion to dismiss should be denied at this time.

Respectfully submitted,

*/s/Brent R. Pohlman, Esq.*
BRENT R. POHLMAN, ESQ.

BRP:mb

cc:    All Counsel of Record (*Via ECF*)

4898-5205-2236, v. 1